**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| JONATHAN BAUTISTA,<br><br>　　　　Plaintiff,<br>vs.<br><br>HUNTER WARFIELD, INC.,<br><br>　　　　Defendant. | Case No. 8:21-cv-01577<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. §1692 *et seq.*]<br><br>2. Florida Consumer Collection Practices Act, §559.72 *et seq.* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jonathan Bautista ("Plaintiff"), through his attorneys, alleges the following against Hunter Warfield, Inc. ("Defendant"):

**INTRODUCTION**

1. Count I and II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, and the Florida Consumer Collection Practices Act ("FCCPA"), §559.72, Fla. Stat., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

///

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant's principal place of business is located within this district.

5. Defendant's principal place of business is here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Nevada.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)(3) and §559.55(8), Fla. Stat.

8. Defendant is a "person" as defined by 15 U.S.C. §1692a(b).

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) and §559.55(7), Fla. Stat.

10. Defendant is a "consumer collection agency" as defined by §559.55(3), Fla. Stat.

11. Defendant's principal purpose is the collection of debts. Defendant can be served at its principal place of business, located at 4620 Woodland Corporate Blvd., Tampa, FL 33614.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect an alleged debt from Plaintiff.

14. The debt is a "debt" as defined under 15 U.S.C. §1692a(5) and §559.55(6), Fla. Stat., as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15. In or around 2021, in an attempt to collect on an alleged consumer debt, Defendant began contacting Plaintiff.

16. On or about April 10, 2021, Plaintiff's counsel emailed Defendant informing that Plaintiff was being represented by an attorney with respect to the alleged debt.

17. Defendant knew that Plaintiff is being represented by an attorney with respect to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and despite this, Defendant continued to communicate with Plaintiff in connection with the collection of the alleged debt.

18. Defendant placed debt collection calls to Plaintiff after being informed that he was represented by an attorney with respect to the alleged debt, including but not limited to the following dates:

    a. April 19, 2021

    b. April 22, 2021

    c. April 26, 2021

    d. April 29, 2021

    e. May 3, 2021

  f. May 5, 2021

  g. May 10, 2021

19. Upon information and belief, Defendant also called, or attempted to call friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

20. Upon information and belief, Defendant left pre-recorded and/or artificial messages on Plaintiff's cell phone.

21. Defendant's conduct was done willfully and knowingly.

22. Defendant was aware that Plaintiff was being represented by an attorney with respect to the alleged debt, and despite this, continued to place debt collection calls to his phone.

23. The conduct was not only willful but done with the intention of causing plaintiff such distress, so as to induce him to pay the debt.

24. Defendant acted maliciously and subjected Plaintiff to oppression.

25. Plaintiff was under the belief that once he retained an attorney with respect to the alleged debt, all communications in connection with the collection of the debt would cease and only his attorney would be contacted.

26. As a result of the continued and repeated communications to Plaintiff, Plaintiff suffered from emotional distress and mental pain and anguish, including but not limited to, stress, anxiety, confusion, fear and headaches.

27. Further, Plaintiff began to lose trust in his attorney and felt helpless because

the debt collection communications persisted despite multiple communications from Plaintiff's counsel to Defendant.

28. Defendant acted willfully and disregarded Plaintiff's counsel's email communications informing it of Plaintiff's representation in connection with the alleged debt.

## **COUNT I**

### **(Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.)**

29. Plaintiff incorporates herein by reference paragraphs 13-28 of this Complaint as though fully set forth herein at length.

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    i. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with a consumer in connection with the collection of a debt despite knowing the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

    ii. Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    iii. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

31. Defendant's acts, as described above, were done knowingly and willfully.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable

to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT II

### (Violations of the FCCPA, §559.72 *et seq*., Fla. Stat.)

33. Plaintiff incorporates herein by reference paragraphs 13-28 of this Complaint as though fully set forth herein at length.

34. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   i. Defendant violated §559.72(18), Fla. Stat. by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

35. Defendant's acts, as described above, were done knowingly and willfully.

36. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jonathan Bautista respectfully requests that judgment be entered against Defendant Hunter Warfield, Inc., for the following:

A. Declaratory judgment that Defendant violated the FDCPA;

B. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(2)(A);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

E. Declaratory judgment that Defendant violated the FCCPA;

F. Actual damages pursuant to §559.77(2), Fla. Stat.;

G. Statutory damages of $1,000.00 pursuant to §559.77(2), Fla. Stat.;

H. Costs and reasonable attorney's fees pursuant to §559.77(2), Fla. Stat.;

I. Punitive damages pursuant to §559.77(2), Fla. Stat.;

J. Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law; and

K. Any other relief that this Court may deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 30th day of June 2021,

By: */s/ Santiago J. Teran*
Santiago J. Teran (FBN: 1018985)
**PRICE LAW GROUP, APC**
2125 Biscayne Blvd
Miami, FL 33137
C: (347) 946-7990
T: 818-600-5586
F: 818-600-5486
E: santiago@pricelawgroup.com
*Attorneys for Plaintiff,*
*Jonathan Bautista*